UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GENO P. MOORING, | ) |
|           Petitioner, | ) |
| v. | ) No. 4:12 CV 1386 DDN |
| IAN WALLACE, | ) |
|           Respondent. | ) |

## MEMORANDUM

This action is before the court upon the petition of Missouri state prisoner Geno Mooring for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons set forth below, the petition for a writ of habeas corpus is denied.

## I. BACKGROUND

On September 22, 2008, petitioner Geno Mooring pled guilty in the Circuit Court of the City of St. Louis to one count of kidnapping and two counts of domestic assault in the third degree.[1] (Doc. 15, Ex. A at 28-31.) The trial court sentenced petitioner to fifteen years imprisonment as a prior and persistent offender but suspended execution of sentence and placed him on five-years' probation. (Id. at 18-21, 31.) On October 29, 2010, the circuit court revoked petitioner's probation and executed his previously suspended sentence. (Id. at 22-26, 32-34.)

On December 2, 2010, petitioner filed in the circuit court a pro se motion for post-conviction relief under Missouri Supreme Court Rule 24.035. (Id. at 39-44.) On May 31, 2011, with the assistance of appointed counsel, petitioner filed an amended motion for post-conviction

---

[1] The court notes that in the transcript for the guilty plea proceedings, the circuit court described one count of domestic assault as being in the second degree. However, the prosecution, the sentencing documents, and the appellate court opinion describe both counts of domestic assault as being in the third degree. (Doc. 15, Ex. A at 10-18, Ex. D.)

relief. (Id. at 50-76.) On July 13, 2011, the circuit court denied petitioner's motion. (Id. at 86-89.) On May 15, 2012, the Missouri Court of Appeals affirmed the circuit court's denial of the motion. (Doc. 15, Ex. D); Mooring v. State, 386 S.W.3d 147 (Mo. Ct. App. 2012) (per curiam).

On August 28, 2012, petitioner filed the instant petition for a writ of habeas corpus under 28 U.S.C. § 2254.

## II. PETITIONER'S GROUNDS FOR FEDERAL HABEAS RELIEF

Petitioner alleges four grounds for relief in this habeas action:

(1) His trial counsel rendered constitutionally ineffective assistance by not informing petitioner that he would be required to serve 85% of his fifteen-year sentence of imprisonment.

(2) His trial counsel rendered constitutionally ineffective assistance by failing to call the victim as a defense witness and by failing to proceed to trial pursuant to petitioner's wishes.

(3) The trial court erred by failing to inform petitioner that he would be required to serve 85% of his fifteen-year imprisonment sentence before parole consideration.

(4) Petitioner is actually innocent, because the victim has provided an affidavit stating that petitioner did not assault or kidnap her.

Respondent argues that Grounds 1-3 are without merit, that Ground 4 is not a cognizable ground for habeas relief consideration, that Grounds 2 and 4 are procedurally barred, and that petitioner's habeas petition is untimely.

## III. STATUTE OF LIMITATIONS

To obtain federal habeas relief, state prisoners must file their habeas petitions within one year of the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Under Missouri law, a notice of appeal must be filed within ten days of a final judgment. Mo. Sup. Ct. R. 30.01(a), 81.04(a). Petitioner did not appeal his guilty plea or sentence, and his time to appeal expired on October 2, 2008. Petitioner filed his motion for post-conviction relief on December 2, 2010, seven hundred ninety-one days later. (Doc. 15, Ex. A at 38.) On May 15, 2012, the Missouri Court of Appeals affirmed the circuit court's denial of the motion. Mooring v. State of Missouri, 386 S.W.3d 147 (Mo. Ct. App. E.D. 2012); Doc. 15, Ex. D. His time for a motion to transfer to the Supreme Court of Missouri expired on May 25, 2012. See Mo. Sup. Ct. R. 83.01. On August 28, 2012, petitioner filed the instant petition for a writ of habeas corpus, ninety-five days later. (Doc. 1.)

In response to the respondent's argument that the federal habeas petition was filed untimely, petitioner argues that the one-year federal limitations period did not begin until the revocation of his probation. Petitioner is incorrect. Under Missouri law, "[i]n a suspended execution of sentence, a criminal conviction has been entered and the sentence has been assessed; only the act of executing the sentence has been suspended." State v. Nelson, 9 S.W.3d 687, 688 (Mo. Ct. App. 1999); see Garrett v. Dormire, 2011 WL 4445839, *4 (E.D. Mo. 2011). Moreover, petitioner was "in custody" for purposes of habeas relief during his period of probation. See Mohammad v. Heston, 542 F. Supp. 2d 949, 953 (E.D. Mo. 2007).

Eight hundred eighty-six untolled days elapsed between the expiration of petitioner's time for direct appeal and the filing of the instant federal habeas petition. Therefore, petitioner's habeas corpus petition is untimely. Nevertheless, the court has considered the petition as if it was timely filed.

## IV. EXHAUSTION AND PROCEDURAL BAR

Congress requires that state prisoners exhaust their state law remedies for claims made in federal habeas corpus petitions filed in district courts under 28 U.S.C. § 2254. See 28 U.S.C. § 2254(b)(1)(A). A state prisoner has not exhausted his remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). As discussed above, petitioner filed a motion for post-conviction relief and appealed the denial of relief.

Exhaustion in the sense that petitioner now has no remaining procedure for bringing a claim to the state court does not, however, satisfy the federal statutory requirement. Rather, a petitioner must have fairly presented the substance of each federal ground to the trial and appellate courts. Anderson v. Harless, 459 U.S. 4, 6 (1982) (per curiam). If he has not done so and has no remaining procedure for doing so because he has defaulted on the legitimate requirements of the otherwise available procedures, any such ground for federal habeas relief is barred from being considered by the federal courts. Grass v. Reitz, 643 F.3d 579, 584 (8th Cir. 2011); King v. Kemna, 266 F.3d 816, 821 (8th Cir. 2001) (en banc); Sweet v. Delo, 125 F.3d 1144, 1149-50 (8th Cir. 1997) (petitioner's failure to present a claim on appeal from a circuit court ruling raises a procedural bar to pursuing the claim in a habeas action in federal court). The doctrine of procedural bar applies whether the default occurred at trial, on appeal, or during state court collateral attack. See Murray v. Carrier, 477 U.S. 478, 490-92 (1986).

Petitioner did not raise Ground 4 until his petition in this court. (Doc. 1 at 6.) However, he has since been denied relief on his claim for actual innocence by the state trial and appellate courts. (Doc. 8); Mooring v. Wallace, Case No. SD32640; Mooring v. Wallace, Case No. 13MI-CV00522; Mooring v. Wallace, Case No. 12 MI-CV00513.[2]

Petitioner raised Grounds 1-3 in his amended post-conviction relief petition. (Doc. 15, Ex. A at 51-53.) However, the state appellate court found that petitioner did not adequately plead Ground 2 in the factual context of the case. (Id., Ex. D at 5-6.) Failure to satisfy the procedural requirement of fact-pleading acts violates the state procedural requirements and erects

---

[2] The undersigned takes judicial notice of the state court proceedings as they are reported on Case.net, http://www.courts.mo.gov/casenet/ (last visited October 22, 2013).

a bar to this court considering this ground. Smith v. Groose, 998 F.2d 1439, 1441 (8th Cir. 1993). Petitioner does not argue avoidance of the procedural bar. Therefore, Ground 2 is procedurally barred.

Nevertheless, Congress has authorized federal courts to consider and to dismiss procedurally barred grounds if a court concludes that the grounds are without merit. 28 U.S.C. § 2254(b)(2). The undersigned has considered all of petitioner's federal grounds on their merits.

## V. EVIDENTIARY HEARING

Petitioner also requests an evidentiary hearing. (Doc. 1 at 7.) 28 U.S.C. § 2254(e)(2) provides that a court shall not hold an evidentiary hearing on a habeas corpus claim unless a petitioner shows that:

(A) the claim relies on--

> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).

Petitioner alleges no ground for relief that relies on a new rule of law or a factual predicate that could not have been previously discovered with due diligence. Accordingly, petitioner's request for an evidentiary hearing is denied.

## VI. STANDARD OF REVIEW ON MERITS

The Antiterrorism and Effective Death Penalty Act (AEDPA) requires that habeas relief may not be granted by a federal court on a claim that has been decided on the merits by a state court unless that adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

A state court's decision is contrary to clearly established federal law if it "arrives at a conclusion opposite to that reached by [the] Court on a question of law or . . . decides a case differently than [the] Court has on a set of materially indistinguishable facts." Thaler v. Haynes, 130 S.Ct. 1171, 1174 (2010) (per curiam) (internal citation omitted). This standard is difficult to meet because habeas corpus "is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." Harrington v. Richter, 131 S. Ct. 770, 786 (2011) (internal citation omitted). A state court's decision involves an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Thaler, 130 S.Ct. at 1174.

A state court's factual findings are presumed to be correct. 28 U.S.C. § 2254(e)(1); Wood v. Allen, 130 S.Ct. 841, 845 (2010). Review under § 2254(d)(1) is limited to the record before the state court that adjudicated the claim on the merits. Cullen v. Pinholster, 131 S.Ct. 1388, 1398 (2011). Clear and convincing evidence that factual findings lack evidentiary support is required to grant habeas relief. 28 U.S.C. § 2254(e)(1); Wood, 130 S.Ct. at 845.

## VII. DISCUSSION

### A. Grounds 1 and 3

In Grounds 1 and 3, petitioner alleges that his plea counsel rendered constitutionally ineffective assistance by not informing him that he would be required to serve 85% of his fifteen-year imprisonment, and that the trial court erred in failing to do the same.

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court determined that the right to effective assistance of counsel arises from the Sixth and Fourteenth Amendments. Petitioner must prove two elements to prevail on a claim of ineffective assistance of counsel. First, petitioner must demonstrate that counsel's performance fell below an objective standard of reasonableness. Id. at 687–88. There is a strong presumption that counsel has rendered constitutionally effective assistance. Id. at 690; Huls v. Lockhart, 958 F.2d 212, 215 (8th Cir. 1990). Second, petitioner must demonstrate actual prejudice by counsel's deficient performance.

Strickland, 466 U.S. at 687.  To show prejudice, petitioner must establish that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  Hill v. Lockhart, 731 F.2d 568, 59 (8th Cir. 1984), aff'd, 474 U.S. 52 (1985).

Under Missouri law, persons found guilty of a "dangerous felony" are required to serve 85% of their term before becoming eligible for parole.  Mo. Rev. Stat. § 558.019.3.  Kidnapping is a dangerous felony pursuant to Mo. Rev. Stat. § 556.061(8). The trial and appellate courts held that, because eligibility for parole is only a collateral consequence of a plea, petitioner was not constitutionally required to be informed of the 85% requirement.   (Doc. 15, Ex. A at 88, Ex. D at 3-5); see also Reynolds v. State, 994 S.W.2d 944, 946 (Mo. banc 1999) ("[N]either counsel nor the trial court is under an affirmative obligation to inform a defendant of the parole consequences of the guilty plea.").

The Supreme Court of the United States has not determined whether an attorney's failure to inform the client of parole eligibility constitutes ineffective assistance of counsel.  Ridling v. Norris, 295 Fed. Appx. 860, 861 (8th Cir. 2008) (per curiam); Buchheit v. Norris, 459 F.3d 849, 852 (8th Cir. 2006).  The Eighth Circuit has declined to find that state courts unreasonably applied the Strickland analysis by finding that failure to inform regarding parole eligibility did not constitute ineffective assistance of counsel.  Id.

The Supreme Court of the United States' decision in Padilla v. Kentucky, 559 U.S. 356 (2010), arguably may apply to petitioner's claims.  The Eighth Circuit has indicated that parole eligibility is a collateral rather than a direct consequence of a guilty plea and that criminal defendants need not be informed of collateral consequences.   Hill, 731 F.2d at 570.  In Padilla, the Court held that an attorney renders ineffective assistance when he fails to inform his client that his guilty plea carries a risk of deportation and eroded the distinction between collateral and direct consequences.  Id. at 365-66.  However, even assuming that the failure to inform a criminal defendant about the effects of a guilty plea on parole eligibility constitutes ineffective assistance of counsel, the Supreme Court later held that the Padilla decision does not apply retroactively to the benefit of petitioners placed in custody prior to the Court's decision.  Chaidez v. U.S., 133 S.Ct. 1103, 1111 (2013) (applying Teague v. Lane, 489 U.S. 288 (1989)).  Petitioner pled guilty in 2008.  (Doc. 15, Ex. A at 28-32.)  Therefore, Padilla does not apply to petitioner's grounds.

The Eighth Circuit has also held that courts have no obligation to explain the collateral consequences of guilty pleas to criminal defendants. United States v. Lambros, 544 F.2d 962, 966 (8th Cir. 1976). Therefore, petitioner's ground regarding the trial court is also without merit.

Because the Eighth Circuit in Hill considers parole eligibility to be a collateral consequence of a guilty plea, neither counsel nor the trial court were required to inform petitioner of the effect of his guilty plea on parole eligibility. Accordingly, the state appellate court did not unreasonably apply federal law by denying petitioner's grounds on the basis that parole eligibility is a collateral consequence.

Grounds 1 and 3 are without merit.

**B. Ground 2**

In Ground 2, petitioner alleges that his plea counsel rendered unconstitutionally ineffective assistance by failing to investigate a defense witness and failing to proceed to trial as requested by petitioner.

An attorney "has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Strickland, 466 U.S. at 691. Courts apply "a heavy measure of deference to counsel's judgments." Id. The reasonableness of an attorney's decision not to interview a potential witness is viewed from the perspective of the attorney at the time he made the decision. Chambers v. Armontrout, 907 F.2d 825, 828 (8th Cir. 1990).

The Missouri Court of Appeals denied this ground, reasoning that petitioner had failed to allege precisely the nature of the information that an investigation would have produced and that the information would have improved his position. (Doc. 15, Ex. D at 5-6.) That court also noted that petitioner's plea hearing testimony indicated that he understood his right to present evidence and that he had no witnesses, that counsel had performed according to petitioner's requests, and that counsel's performance satisfied petitioner. (Id. at 6.) Thus, the state appellate court affirmed the motion court's finding because the record "conclusively refuted" his claims of deficient performance. (Id.)

At his plea hearing, prior to entering his guilty plea, petitioner indicated that his attorney had done everything which petitioner had asked and that petitioner was satisfied with his attorney's services. (Doc. 15, Ex. A at 31.) He further testified that he understood the charges

against him and the consequences of pleading guilty. (Id. at 28-31.) The prosecution stated that at trial it would have shown that petitioner abducted the victim, the mother of his child, from her friend's house, pulled her hair extension out of her hair, threw it into the street, and dragged her into his vehicle while threatening to murder her if she continued to resist. (Id. at 29.) The prosecution further stated that it would have shown that petitioner hit the victim in the face and continued to yell at her once they returned to his home. (Id.) Petitioner verified to the court that the prosecution's facts were correct. (Id.) He further stated that he understood that, had he proceeded to trial, he would have been able to present witnesses and evidence in his defense, and that he did not have any witnesses in connection with his case. (Id.) Additionally, he testified that his counsel had performed according to his requests, that his counsel's performance had satisfied him, and that he had no complaints regarding his counsel. (Id.) Based on the foregoing testimony, this court concludes that the state court clearly and reasonably applied federal law.

Petitioner further alleges that the victim witness' testimony at trial would have provided him with a viable defense to his kidnapping charge. (Doc. 1 at 5.) On March 17, 2011, the victim filed an affidavit stating that, despite her prior attestations to the contrary, petitioner did not kidnap her. (Doc. 15, Ex. A at 77.) The victim stated that petitioner acted in self-defense when, after she charged at him, a fist fight ensured. (Id. at 78.) She alleged that she called the police and informed them that she had been kidnapped by petitioner because she was "frustrated and tired of the abuse." (Id.)

Considering that the witness was not only the victim in this case, but also the individual who alerted the authorities of petitioner's actions, it was not unreasonable that petitioner's plea counsel did not consider her a viable defense witness. See Freeman v. Graves, 317 F.3d 898, 901 (8th Cir. 2003) ("the testimony of alibi witnesses, especially friends and relatives of the defendant, does not assure an acquittal and is sometimes counterproductive"). Even assuming that upon investigation of the victim, counsel would have discovered the information contained in her 2011 affidavit, her inconsistent statements would have created issues of credibility on cross-examination that would have been detrimental to petitioner's case. See Williams v. United States, 452 F.3d 1009, 1013 (8th Cir. 2006) (considering witness credibility under the prejudice prong of the Strickland analysis). Moreover, petitioner's plea testimony undermines his allegations of the nature of the victim's testimony.

The decisions of the Missouri circuit and appellate courts reasonably applied federal law. Accordingly, Ground 2 is without merit.

**C. Ground 4**

In Ground 4, petitioner claims that he is innocent of all charges of which he has been convicted.

The Supreme Court has held that "[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." Herrera v. Colins, 506 U.S. 390, 400 (1993); Meadows v. Delo, 99 F.3d 280, 283 (8th Cir. 1996); cf. Schlup v. Delo, 513 U.S. 298, 316 (1995) (considering an actual innocence claim for the purpose of avoiding procedural bar). Accordingly, because petitioner alleges actual innocence as a freestanding claim, Ground 4 is not cognizable.

## VII. CONCLUSION

For the reasons stated above, the petition of Geno Mooring for a writ of habeas corpus is denied. Because petitioner has not made a substantial showing of a denial of a constitutional right, the court denies a certificate of appealability. 28 U.S.C. § 2253(c)(2). An appropriate Judgment Order is issued herewith.

/S/   David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on June 24, 2014.